**STATE OF MARYLAND, DEPARTMENT OF NATURAL RESOURCES, and Maryland Port Administration**

v.

**AMERADA HESS CORPORATION, a Delaware corporation, and Harp Tankers Corporation, a Foreign corporation.**

Civ. No. 72–101.

United States District Court,
D. Maryland.

Jan. 11, 1973.

Warren K. Rich, John Griffith, Sp. Asst. Attys. Gen., Dept. of Natural Resources, Annapolis, Md., for plaintiff.

Dale Burgmeier, Baltimore, Md., for defendant Amerada Hess Corporation.

Richard R. Jackson, Jr., Baltimore, Md., for defendant Harp Tankers Corporation.

HERBERT F. MURRAY, District Judge.

In this case, Amerada Hess, a Defendant, Cross-Claimant and a Cross-Defendant, has moved the Court pursuant to Rule 60(B)(6) for relief from the final Order entered on September 22, 1972, 350 F.Supp. 1060, denying the Defendant, Cross-Claimant and Cross-Defendant's motion to dismiss. After considering the memoranda filed by counsel and the arguments of counsel, it is the opinion of this Court that the motion for relief from the Order should be denied.

Amerada Hess Corporation grounds its motion for relief on the argument that the Supreme Court in Executive Jet Aviation, Inc., et al. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed. 2d 454, filed December 18th, 1972, specifically rejected the test used by this Court in applying admiralty jurisdiction to this case. More specifically, the Defendant Amerada Hess contends that this Court was in error in holding that maritime locality alone is sufficient to warrant the application of federal admiralty law. Therefore, it is argued that this Court should reconsider its prior holding that maritime locality alone is a sufficient predicate for admiralty jurisdiction, and should hold that admiralty jurisdiction is not applicable to this Defendant, since there is no relationship between the alleged tort and traditional maritime activities involving navigation or commerce on navigable waters. At least, that is Amerada Hess' contention. This Court takes a contrary view.

In Executive Jet Aviation, the Supreme Court did not reject the locality test for jurisdiction in admiralty cases, but merely held it to be insufficient in claims arising from airplane accidents. In that case, the Court delineates the development of the locality test as applied by that Court and outlines the difficulties that have been encountered when that test has been applied to cases on the periphery or, as Gilmore and Black term it, in the penumbra, of traditional maritime activities. For example, the Court cites those cases involving swimmers injured in navigable waters as illustrations of where the maritime locality of the tort is clear, but where the invocation of admiralty jurisdiction appears almost absurd. The Court then found aviation cases to present similar difficulties in the application of the maritime locality test as the sole determinant of admiralty jurisdiction. The Court noted the peculiar nature of aircraft in being neither land-based nor sea-based, and held that it is this peculiarity which prohibits the efficient application of the locality test. The Court said

"All these and other difficulties that can arise in attempting to apply the locality test of admiralty jurisdiction to aeronautical torts are, of course, attributable to the inherent nature of aircraft. Unlike waterborne vessels, they are not restrained by one-dimensional geographic and physical boundaries. For this elementary reason, we conclude that the mere fact that the

alleged wrong 'occurs' or 'is located' on or over navigable waters—whatever that means in an aviation context—is not of itself sufficient to turn an airplane negligence case into a 'maritime tort.' It is far more consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity. We hold that unless such a relationship exists, claims arising from airplane accidents are not cognizable in admiralty in the absence of legislation to the contrary." Id. at 504.

It has been argued by Amerada Hess that this holding should be read so as to bar the application of the locality test as the sole test of jurisdiction in all cases related to traditional maritime activity. This conclusion does not follow from the plain reading of the Court's Opinion. Indeed, the Court stated

"The Court has often reiterated this rule of locality. As recently as last Term in Victory Carriers, Inc. v. Law, 404 U.S., 202, 205 [92 S.Ct. 418, 421, 30 L.Ed.2d 383], we repeated that '[t]he historic view of this Court has been that the maritime tort jurisdiction of the federal courts is determined by the locality of the accident and that maritime law governs only those torts occurring on the navigable waters of the United States.'" Id. at 497.

And a footnote to that statement notes that in Victory Carriers, Inc. v. Law, the Supreme Court cited over forty cases to that effect. In fact, at every point in the Supreme Court's Opinion in the Executive Jet case where it was concluded that the locality test could not be the sole determinant of jurisdiction, that conclusion was made applicable only to aviation negligence cases.

It is difficult for this Court to believe that the Supreme Court would structure its Opinion in this fashion, if indeed it was going to overrule a doctrine that it has applied in various cases since the development of that doctrine by Mr. Jus-

tice Story in 1813. While this Court does not believe that the question of jurisdiction in all maritime cases may be resolved by a talismanic analysis of the locality of the tort, it has concluded that this case is not a "perverse" or "casuistic border line situation" that would require deviation from the application of the traditional locality test. For these reasons, the Motion For Relief From the Order of this Court of September 22nd, 1972, is hereby denied. And for the reasons stated in that Order, the Court finds admiralty jurisdiction to be applicable to this action.